**STATE of Minnesota, Respondent,**

v.

**Rod Douglas CREGO, Appellant.**

**No. C7–86–428.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Review Denied Dec. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., James B. Florey, Asst. Co. Atty., Virginia, for respondent.

C. Paul Jones, Public Defender, Anne McDiarmid, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

HUSPENI, Judge.

### FACTS

Appellant's conviction of criminal sexual conduct in the second degree, Minn.Stat. § 609.343, subd. 1(a) (1984), stemmed from allegations of sexual abuse against two young girls. Appellant, age twenty-six, was visiting at his brother's home on April 19, 1985. Also there was his niece, M.A.C., age ten, and her friend, A.M.L., also age ten.

M.A.C. invited A.M.L. to spend the night at her house. The girls spread a sleeping bag on the living room floor and fell asleep there while watching television. During the night M.A.C. got up and went to her

parents' bedroom for a short time. A.M.L. testified that she awoke to find that appellant had his hand underneath her panties and was rubbing her, telling her "You're getting older." Appellant stopped as A.M.L. woke up.

A.M.L. went home early the next morning and told her mother what happened. She was quiet and upset at the time. The matter was eventually reported to the Range Mental Health Center and to the police. After earlier denying that appellant had touched her, M.A.C. also reported that appellant had touched her between the legs that night.

Appellant testified and denied any sexual contact with either of the girls. The jury acquitted appellant of intrafamilial sexual abuse in the second degree involving M.A.C., but convicted him of criminal sexual conduct in the second degree involving A.M.L. The sole issue on appeal is the sufficiency of the evidence.

## DECISION

Credibility of witnesses is for the jury. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). A.M.L.'s testimony was positive and consistent. We note that her testimony need not be corroborated under Minn.Stat. § 609.347, subd. 1 (1984). Her reasonably prompt report and demeanor in reporting the incident did, however, corroborate that testimony. Viewing the evidence in the light most favorable to the State, as we must, the jury could reasonably conclude appellant was guilty of the offense. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

Affirmed.